<div align="right">JANUARY<br>vs.<br>JANUARY &c</div>

---

## Garnett &c. vs. Garnett's lessee.

Appeal from the Jessamine Circuit; WM. L. KELLY Judge.

*Evidence. Possession of defendant. Deeds of conveyance. Relinquishments.*

Judge OWSLEY delivered the opinion of the court.

THIS is an appeal from a judgment, rendered for two thirds of the land in contest, against the appellants, in an action of ejectment brought in the circuit court by the appellee, against them and Sally Garnett, in favor of the latter of whom judgment was also rendered for one third of the land.

Sally Garnett, in favor of whom judgment for one third was rendered, appears to be the widow of Thomas Garnett, deceased, and the appellants, who were co-defendants with her in the court below, compose, in conjunction with the lessor, William Garnett, the children and heirs of the said Thomas Garnett.

It was under the title of Thomas Garnett, deceased, that the right to recover was claimed by the plaintiff in the circuit court; and it was upon the ground that the widow of said Thomas was entitled to dower in his land, and was protected in the possession of the mansion house and plantation upon which he resided at his death, rent free, until her dower is assigned her, that, it is presumed, the verdict and judgment for one third of the land was rendered in her favor. It is not, however, important as to the principle upon which the verdict and judgment in her favor were recovered; the plaintiff in the court below, against whom it was rendered, has not thought proper to disturb that judgment by appeal or otherwise, and if it were liable to excep-

<div align="right">EJECTMENT.

Case 113.

October 11.

Case stated.

Titles of the parties to the possession of the land in contest.</div>

GARNETT &c
vs.
GARNETT's
lessee.

tions it would be travelling out of the case now before the court, to examine its correctness.

The branch of the case complained of, and now presented for revision and correction, relates to the proceedings and judgment for two thirds, against the appellants. Several questions were made and decided by the circuit court; but without noticing all of them in the order they occur in the record, we shall have disposed of whatever is essential to the interests involved by the few remarks which may be made on the refusal of that court to award a new trial.

Motion for a
new trial
overruled.

The new trial was applied for on the ground of the verdict being against or without evidence; and we must, after again and again looking into the evidence, express our surprise how it was possible either for a jury of twelve men to find such a verdict, or, after it was found, for the worthy judge who presided, not to interpose and award a new trial.

It is indispensable in the action of ejectment, to prove, on the trial, the def't was in the possession at the institution of the action, except as to a defendant, admitted to defend the possession of another.

There is not only a total failure of evidence conducing to shew title in the lessor, William Garnett, to two thirds of the land in contest, but there is moreover a total lack of evidence to prove that either of the appellants were, at the commencement of the action, or since, in possession of any part of the land; and no principle is better settled, than to enable a plaintiff in ejectment to recover, he must prove the defendant to be possessed, unless the defendant is made so for the purpose of defending the possession of some other, which appears not to have been the case with the appellants. If, therefore, the lessor's title had been made out in proof, the plaintiff would not, on account of the lack of evidence of possession in the appellants, have been entitled to a verdict against them.

But the lessor's title to two thirds of the land was not made out in evidence.

Title papers
of the plaintiff.

The evidence may be sufficient to prove title in the deceased, Thomas Garnett, at the time of his decease; but if so, as one of his children, William Garnett, cannot have inherited more than one equal part of the land, in coparcenary with his brothers and sisters.

It was not, however, in his character of heir that the title of the lessor, William Garnett, was attempted to be derived. A deed of conveyance from him to James H. Garnett, and another deed of subsequent date from James H. Garnett to him, for the same land, were used in evidence; and there was also read to the jury the following relinquishment, written on the deed from William to James H. Garnett, and of the same date: "I do hereby relinquish all the right and title to the within mentioned tract of land, that I hold by deed or any other claim whatsoever; as witness my hand and seal, this 7th day of July, 1812.    *Thomas Garnett*, [SEAL.]"

<div style="float:right">GARNETT &c<br>vs.<br>GARNETT'S<br>lessee.</div>

This relinquishment and those deeds of conveyance are the only written evidence conducing, in the slightest degree, to prove title in William Garnett, the lessor. It requires, however, but a glance to discern that through those documents no part of the title which Thomas held, can have been transferred to William Garnett. The relinquishment possesses no force. It purports to be given to no person, and of course no person can take any thing by it. A grantee is essential to the validity of a grant, as that there should be a grantor, or a thing granted.

<div style="float:right">Release or<br>deed of con-<br>veyance not<br>designating<br>the grantee,<br>cannot pass<br>the title.</div>

It results, that the verdict was without evidence, and should have been set aside. The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had not inconsistent with this opinion.

<div style="float:right">New trial<br>awarded.</div>

*Crittenden* for appellant; *Haggin* for appellees.